**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Henry HERNANDEZ, Defendant– Appellant.**

No. 04–15567.
Non–Argument Calendar
D.C. Docket No. 00–06024–CR–PAS.

United States Court of Appeals,
Eleventh Circuit.

July 12, 2005.

---

Martin Alan Feigenbaum, Miami, FL, for Defendant–Appellant.

Anne R. Schultz, Lisa A. Hirsch, U.S. Attorney's Office, Emily Smachetti, Miami, FL, for Plaintiff–Appellee.

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM.

Henry Hernandez appeals his sentence imposed after pleading guilty to possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), arguing the district court erred under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm Hernandez's sentence.

## I. DISCUSSION

Because Hernandez raised a constitutional objection to his sentence based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir.2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional error based upon sentencing enhancements, imposed under a mandatory Guidelines system, neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

### A. *Constitutional Error*

■ There is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance a sentence. *Id.* at 1330. A quantity of 15 kilograms but less than 50 kilograms of cocaine results in a base level of 34. *See* U.S.S.G. § 2D1.1(c)(3). An enhancement for obstruction of justice is proper where the defendant "escap[es] or attempt[s] to escape from custody before trial or sentencing." *See* U.S.S.G. § 3C1.1, comment. (n.4(e)). In the statement of facts supporting his plea agreement, Hernandez admitted that the offense involved 35.01 kilograms of cocaine and that he fled DEA custody and remained a fugitive for more than two years. Thus, Hernandez admitted the facts supporting his base offense level of 34 and the enhancement for obstruction of justice, and there is no *Booker* constitutional error.

B. *Statutory Error*

Even in the absence of a Sixth Amendment violation, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Shelton,* at 1330–31. The district court sentenced Hernandez under a mandatory Guidelines system, thus statutory error exists. *See id.* "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance ... that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia,* 409 F.3d 1289 (11th Cir.2005) (internal quotation marks and brackets omitted). The Government has the burden of showing the error was harmless. *Id.*

 When imposing Hernandez's sentence, the district judge stated that "if the [G]uidelines are advisory or truly [G]uidelines as opposed to a rigid, I will still impose the same sentence." Accordingly, the Government has met its burden of showing the *Booker* statutory error of sentencing Hernandez under a mandatory Guidelines scheme was harmless. *See United States v. Robles,* 408 F.3d 1324 (11th Cir.2005) (holding, under the higher beyond a reasonable doubt standard used in *Booker* constitutional error cases, that although the district court erred in imposing a sentence under a mandatory Guidelines system based on facts not admitted by the defendant, the error was harmless beyond a reasonable doubt because "[t]he district court stated its sentence would be the same even if the [G]uidelines were only advisory").

## II. CONCLUSION

There was no *Booker* constitutional error because Hernandez admitted the facts used in imposing his sentence. Additionally, the Government has met its burden of showing the *Booker* statutory error of sentencing Hernandez under a mandatory Guidelines scheme was harmless.

AFFIRMED.